**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SAMEUL TIMBERG,
On his own behalf and on behalf others similarly situated,

                Plaintiffs,

vs.

ROSS TOOMBS, and
MERIDIAN PRIME, INC
                Defendants.
----------------------------------------------------------------X

Case No.:

29 U.S.C. § 216 (b)
COLLECTIVE ACTION

**COMPLAINT WITH JURY DEMAND**

    Plaintiff SAMEUL TIMBERG, by and through his attorneys, hereby brings this Complaint against ROSS TOOMBS and MERIDIAN PRIME, INC., jointly and severally, seeking damages, hereby alleges violations of both Federal and State wage laws.

## INTRODUCTION

    1.    Plaintiff brings this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

    2.    Plaintiff also brings this action to recover unpaid straight time and overtime wages, liquidated damages, unreimbursed expenses, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violation of the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.* (collectively the "NYLL").

    3.    Defendants own and operate a wine import business and jointly employed Plaintiff whose duties including sales and operational tasks, which did not fall within any exemptions from overtime under the FLSA and NYLL.

    4.    Plaintiff is a victim of Defendants' unlawful policies and practices that resulted in

failure to compensate for all hours worked, in violation of the FLSA and NYLL.

5. On or about September 5, 2020, Defendants were sent a pre-suit demand letter and a draft of this complaint, but Plaintiff was unable to resolve this matter without judicial intervention.

6. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hours worked and overtime compensation for all hours worked over forty (40) each workweek.

7. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

8. Plaintiff further alleges pursuant to NYLL §650 et seq. and 12 New York Code, Rules and Regulation § 146(NYCRR) that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread

of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq, and one hundred percent after April 9, 2011 under NY Wage Theft Prevent Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq*.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendants**

12. Defendant Meridian Prime, Inc. was established September 19, 2011, by Defendant Ross Toombs.  It has no registered agent. It's principal address is 68 3rd Street, Suite 30, Brooklyn, NY 11231, and is a resident of King's County, New York.

13. Defendant Ross Toombs is the owner, operator and, according to the NYS Department of State website, chief executive officer of Meridian Prime, Inc, and therefore regularly conducts business in King's County New York.   His address is 7564 South Spotswood Court, Littleton, CO 80120 and he is a resident of Colorado.

**Plaintiff**

14. Plaintiff is a resident of Kings County, New York.

15. Plaintiff was employed by Defendants from approximately November 4, 2013 until March 6, 2020.

16. Despite Plaintiff were named as a managing director while working at the store, Plaintiff worked like a salesperson for the relevant employment time.

## FACTUAL ALLEGATIONS

17. Defendants were the joint "employers" of Plaintiff under NYLL §§ 190(3), 651(6).

18. Defendants were the joint "employers" of Plaintiff under 29 U.S.C. § 203(d) and 29 CFR 791.2.

19. Plaintiff is a former "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and N.Y. Labor Law §§ 190(2), 651(5).

20. Defendants operated and controlled an enterprise engaged in commerce as defined under the FLSA.

21. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

22. Defendants annual gross sales were in excess of $500,000 per annum.

23. Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

24. Defendants "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of 29 U.S.C. § 203(g) of the FLSA, determined the rate and method of the payment of their wages, and controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

25. At all relevant times, Employer is an "enterprise" within the meaning of the FLSA.

At all times material herein, Defendants employed at least one or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work in goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of Employer who negotiate, market and provide goods and/or services to local, out of state and international customers for monetary compensation thus operating and engaging in interstate commerce. Defendants participate in, market at, advertise at and/or conduct sales through the internet, which is a global communication and sales medium. There are employees who regularly use wire and electronic means of communicating interstate and processing transactions interstate and/or internationally. There are employees who use websites, signage, computers, telephones, equipment and other tools or items that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because Plaintiff and others similarly situated, are employed by Employer, a covered entity, satisfying the enterprise coverage provisions of the FLSA.

26. Defendants failed to pay Plaintiff wages from October 30, 2018, and then multiple times from January 15, 2019, to October 31, 2019, in the total amount of $53,600.

27. Defendants failed to reimburse Plaintiff for expenses associated with his employment in the amount of $41,091.

28. Defendants failed to repay monies borrowed from Plaintiff and used in association with and for the benefit of Defendants in the amount of $11,560.

29. Plaintiff constantly worked Monday through Friday from 10 Am to 8 PM, and multiple hours on weekends.

30. During busy weeks, Plaintiff would have to work from 10 AM to 8 PM from Monday through Saturday and half of the Sunday.

31. Plaintiff constantly worked in excess of 65 hours without just compensation from Defendants.

32. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (years), through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hurly rate for all hours worked and at one and one whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

36. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants in the past six years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive

6

minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

37. Upon information and belief, the Collective Action Members are so numerous that the joinder of all members is impracticable. The identity and precise number of such persons are readily determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. Most of the individual would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective action that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

41. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a) Whether the Defendants employed Collective Action Members within the meaning of FLSA;

    b) Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

    c) Whether the Defendants failed to pay the Collective Action members spread of hours payment from each day and employee worked over 10 hours;

    d) Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

    e) Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    f) Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

42. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

44. Plaintiff re-alleges and incorporates all previous paragraphs herein.

45. Defendant Employer was aware of Employee's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of 40 per week.

46. Employee was not paid for hours worked by Employee.

47. Employee was not paid overtime by Employer for the hours he worked in excess of 40 per week.

48. Defendant Employer's failure to pay overtime to Employee was a willful and intentional violation of the FLSA, and was not in good faith.

49. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

50. Defendant Employer was aware of Employee's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of 40 per week.

51. Employee was not paid for hours worked by Employee.

52. Employee was not paid overtime by Employer for the hours he worked in excess of 40 per week.

53. Defendant Employer's failure to pay overtime to Employee was a willful and intentional violation of the FLSA, and was not in good faith.

54. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq.,, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

56. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

58. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT II
### Violation of the New York Labor Law – Failure to Pay Overtime

59. Plaintiff re-alleges and incorporates all previous paragraphs herein.

60. Defendants jointly employed Plaintiff within the meaning of the NYLL.

61. Employer was required to pay the Employee all amounts owed to him for work

performed before termination at or before the date that Employee would have been paid had he not been terminated, or not later than two weeks thereafter.

62. Employer has failed and refused to pay Employee for overtime, for deducted partial payments, for all wages owed and for his final semi-monthly paycheck, all of which as "wages" under the NYLL, and therefore Defendant is in violation of the NYLL.

63. There was no bona fide dispute justifying the non-payment to Employee of these items.

64. Employer has failed to keep accurate and timely records of Employee's employment.

65. As a result of the foregoing, Plaintiff was illegally deprived of wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, pre-judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

### COUNT III
### Violation of New York Labor Law – Spread of Time Pay

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, et seq., and §§ 650, et seq., and New York State Department of Labor regulations § 146-1.6.

68. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

### COUNT IV
### Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice

11

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

71. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

72. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

73. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law § 198 (1-b).

**COUNT V**
**Violation of New York Labor Law – Failure to Provide Wage Statements**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The NYLL and supporting regulations require employers to provide detailed

12

paystub information to employees every payday. NYLL § 195-1(d).

76. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

77. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, Jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT V
### Breach of Contract

78. Plaintiff re-alleges and incorporates all previous paragraphs herein.

79. Defendants jointly employed Plaintiff.

80. The Parties entered into a contract. Pursuant to the agreement, Defendants borrowed monies from Plaintiff to assist or improve the business. Defendants also had Plaintiff incur expenses on his personal credit cards, which were not reimbursed by Defendants. defendants also agreed to pay Plaintiff wages. Defendants failed to repay Plaintiff on demand for repayment, failed to reimburse him for expenses and failed to pay wages.

81. Therefore, Plaintiff is entitled to breach of contract damages in the amount to be determined at trial, pre-judgment and post-judgment interest.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the

extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his/her right to join this lawsuit if they believe they were denied premium overtime wages;

    a. Certification of this case as collective action pursuant to FLSA;

    b. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

(B) Damage compensation for breach of contract and unpaid wages.

(C) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(D) A declaratory judgment that Defendants' wage practices alleged herein violate NYLL §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1 *et seq.*;

(E) Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff is lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(F) Judgment for damages for all unpaid wages, liquidated damages and pre-judgment interest to which Plaintiff is lawfully entitled under NYLL §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(G) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time

of Hire Notice detailing rates of pay and payday;

(H)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a pay stub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

(I)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

(J)  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as pursuant to 29 U.S.C. §216(b) and NYLL §§ 198 and 663;

(K)  The cost and disbursements of this actions.

(L)  An award of prejudgment and post-judgment fees;

(M)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198

(N)  Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(O)  Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: Flushing, NY                                             RESPECTFULLY SUBMITTED,
       December 12, 2020

                                                     /s/ Hui Chen
                                                     Hui Chen
                                                     Attorney for Plaintiff
                                                     Law Offices of Hui Chen & Associates, PLLC
                                                     136-20 38th Avenue Suite 9E
                                                     Flushing, NY 11354
                                                     (718) 463-2666