

Eric Magnelli
Direct Dial: 973-403-3110
Direct Fax: 973-618-5550
E-mail: emagnelli@bracheichler.com

February 15, 2021

**VIA CM/ECF**
Honorable Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Samuel Timberg v. Ross Toombs, et al.*
Civil Action No. 1:20-cv-06060-MKB-RER

Dear Judge Brodie:

We represent Defendants Ross Toombs ("Toombs") and Meridian Prime, Inc. ("Meridian") (collectively, "Defendants") in the above referenced action. In accordance with ¶ 3.A of you Honor's Individual Practices and Rules, please accept this submission as Defendants' request for a pre-motion conference to dismiss Plaintiff Samuel Timber's ("Plaintiff") Amended Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Plaintiff's FLSA and NYLL Collective Action Claims Should Be Dismissed Because Plaintiff Is Exempt.** Subject to certain exceptions, the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") require employers to compensate their employees at an overtime rate of one and one-half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 USC § 207(a)(1); 12 NYCCRR § 142-2.2. Further, NYLL requires employers to furnish non-exempt covered employees with wage statements, wage notices at the time of hire, and to provide extra pay for a work day in excess of ten hours (*i.e.*, spread of hours pay). *See* NYLL § 195(1 & 3) *and* 12 N.Y.C.C.R.R. § 142-2.4. Excepted from these requirements are those workers employed in a bona fide executive and/or administrative capacity, such as Plaintiff. *See* 29 C.F.R. Part 541; 12 NYCRR § 142-2.2.

An employee employed in a bona fide executive capacity is one whose primary duty is management of the enterprise in which the employee is employed. Such an employee is considered "exempt" under Federal and State minimum wage and overtime laws. *See* 29 CFR § 541.100 *et seq.* Another exception is the administrative exemption, which is one whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers. *See* 29 CFR § 541.200 *et seq.* In support

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

777 South Flagler Drive
Suite 800, West Tower
West Palm Beach, Florida 33401
561.899.0177

www.bracheichler.com

BE:11593881.2/MER176-279091

of his FLSA and NYLL claims, Plaintiff alleges he is not exempt because his duties included sales and operational tasks. (Complaint, ¶ 3). Plaintiff, however, was Meridian's Co-Founder, Co-Owner, its Managing Director and Vice President of Sales, whose alleged duties included sales and operational tasks, which are specifically encompassed within the executive and administrative exemption. *See* 29 CFR § 541.100 – 200 *et seq.*

Plaintiff merely alleges in conclusory fashion that he is an exempt employee, an allegation not afforded any weight. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("Conclusory allegations or legal conclusions…will not suffice to [defeat] a motion to dismiss."); *LaFlamme v. Societe Air France*, 702 F.Supp.2d 136, 148 (E.D.N.Y. 2010) (Conclusory allegations are not entitled to the presumption of truth when deciding a Rule 12(b)(6) motion to dismiss). Thus, since Plaintiff's Complaint fails to allege he is an employee under the FLSA and NYLL, and plainly acknowledges that his duties are covered within the executive and administrative exemptions, Plaintiff has failed to state a valid FLSA and NYLL claim.

Plaintiff also brings his claims as a collective action under 29 USC § 216(b). In a collective action, the named plaintiff must be "similarly situated" to the proposed members of the collective class. *Id.* To state a valid claim, "a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly to Plaintiff." *Peck v. Hillside Children's center*, 915 F.Supp.2d 435, 438 (W.D.N.Y. 2013). A plaintiff can carry that burden at the pleading stage by presenting "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. Here, Plaintiff was an owner, Co-Founder, Managing Director and Vice President. Thus, it is implausible that there is a similarly situated group.

Plaintiff also brings his NYLL claims as a collective action under 29 USC 216(b), which is unsound. An FLSA collective action can only be brought for specific enumerated violations, which do not include NYLL violations. *See* 29 USC § 216(b).

**Plaintiff's claim for failure to provide time-of-hire notice is untimely.** Plaintiff also claims that when he was hired by Meridian in November 2013, Meridian did not provide him with a wage notice at the time of his hire. Pursuant to NYLL § 195(1), employers are required to provide a written notice to employees at the time of hiring that contains specific categories of information concerning their wages. As an initial matter, because Plaintiff is an exempt employee, Meridian was not obligated to provide Plaintiff with a wage notice at the time of his hire. *See Mohammed v. Start Treatment & Recovery Centers, Inc.*, 95 N.Y.S.3d 711, 717 (App. Term 2019). Notwithstanding, an action to recover for failing to provide a wage notice must be commenced within six (6) years of the violation. NYLL § 198(3). Because Plaintiff was hired in November 2013, any such claim expired in November 2019 – six years after Meridian would have theoretically been required to provide such notice.

**Plaintiff's claims against Toombs, individually, should be dismissed.** Plaintiff also seeks to hold Toombs individually liable. To be held liable under the FLSA and/or NYLL, a person must be an "employer," as defined under the statutes. An employer is defined as "any

Honorable Margo K. Brodie, U.S.D.J.
February 15, 2021
Page 3

person acting directly or indirectly in the interest of an employer in relation to an employee." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). As per Second Circuit precedent, "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irizarry v. Catsimatidis,* 722 F.3d 99, 109 (2d Cir. 2013). Rather, "[i]ndividual liability under the FLSA is premised upon personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act." *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y. 2014).

The Second Circuit employs the "economic reality" test, which looks at "the totality of the circumstances and consider[s] whether the alleged employer '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' " *Id*. Here, Plaintiff's Complaint merely alleges that Toombs is the owner, operator and CEO of Meridian. (Complaint, ¶ 13). Plaintiff does not allege that Toombs had the power to hire and fire; supervised and controlled Plaintiff's work schedule or conditions of employment; determined the rate and method of payment; and maintained employment records. Therefore, Plaintiff's FLSA and NYLL claims against Toombs, individually, should be dismissed under Rule 12(b)(6).

**Plaintiff's breach of contract claim should be dismissed.** The essential elements of a breach of contract claim are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Canzona v. Atanasio*, 989 N.Y.S.2d 44, 47 (Sup. Ct., App. Div., 2d Dept. 2014). Generally, a party alleging a breach of contract must demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement. *Id.* Moreover, the plaintiff's allegations must identify the provisions of the contract that were breached. *Id.*

Here, Plaintiff failed to plead material terms of the purported agreement by which the Defendants allegedly agreed to repay or reimburse him for his expenses. (*See* Complaint, ¶¶ 78-81). As a result, Plaintiff's claim regarding the alleged agreement is too vague and indefinite to sustain a breach of contract cause of action. *See Canzona*, 989 N.Y.S.2d at 47 (holding that because plaintiff failed to plead the material terms of the alleged loan agreement by which the defendants agreed to repay or reimburse him for his payment of expenditures for the property and boat, plaintiff's allegations regarding the alleged agreement were too vague and indefinite to plead a breach of contract cause of action). Accordingly, Plaintiff's breach of contract claim should also be dismissed.

BRACH | EICHLER LLC

Honorable Margo K. Brodie, U.S.D.J.
February 15, 2021
Page 4

Respectfully submitted,

Eric Magnelli

EM:

cc:   Hui Chen, Esq.
      Anthony M. Rainone, Esq.