UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------

SAMUEL TIMBERG, *on his own behalf and on
behalf of others similarly situated*,

                                Plaintiff,

            v.

ROSS TOOMBS and MERIDIAN PRIME, INC.,

                              Defendants.

--------------------------------------------------------------

**MEMORANDUM & ORDER**

20-CV-6060 (MKB)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Samuel Timberg, on behalf of himself and others similarly situated,[1]

commenced the above-captioned action on December 12, 2020, against Defendants Ross

Toombs and Meridian Prime, Inc. ("Meridian Prime"), alleging that Defendants knowingly and

willfully committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et

seq.* (the "FLSA"), and the New York Labor Law, §§ 190 *et seq.* and 650 *et. seq.*, and 12 New

York Codes, Rules and Regulations ("NYCRR") § 142-1.1 *et seq.* (collectively the "NYLL").

(Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 5.)  Plaintiff claims that

Defendants (1) failed to pay him overtime and spread of hours pay, (2) failed to provide wage

notices and wage statements, and (3) breached his employment contract.  Plaintiff also seeks

designation of this litigation as a collective action pursuant to FLSA section 216 for his FLSA

and NYLL claims.  (Am. Compl. ¶¶ 33–81.)

       Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant

---

[1] Although commenced as a collective action, Plaintiff did not seek conditional
certification and no other individuals have been provided notice of the action.

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 15; Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Docket Entry No. 15-1.)  Plaintiff opposes the motion.  (Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Docket Entry No. 14-1.)  For the reasons explained below, the Court grants the motion in part and denies it in part.  The Court also grants Plaintiff leave to file a second amended complaint within thirty days.

### I.  Background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purpose of deciding Defendants' motion.

Meridian Prime is a wine import business established on September 19, 2011, in Brooklyn, New York.  (Am. Compl. ¶¶ 3, 12.)  Toombs resides in the State of Colorado and is an owner, operator and Chief Executive Officer of Meridian Prime.  (*Id*. ¶ 13.)  Plaintiff was Meridian Prime's managing director, and his duties included sales and operational tasks.  (*Id*. ¶¶ 3, 16.)  Defendants employed Plaintiff from November 4, 2013 to March 6, 2020.  (*Id*. ¶ 15.)  During Plaintiff's employment, Defendants made over $500,000 in annual gross sales and employed two or more individuals.  (*Id.* ¶¶ 22–23.)

As part of his duties, Plaintiff worked Monday through Friday from 10 AM to 8 PM and multiple hours on weekends, sometimes in excess of sixty-five hours per week.  (*Id.* ¶¶ 29–31.)  While working for Defendants, since October 30, 2018 and then multiple times from January 15, 2019 to October 31, 2019, Defendants failed to pay Plaintiff wages totaling $53,600.[2]  (*Id.* ¶ 26.)

---

[2]  Plaintiff does not specify in the Amended Complaint the first period of time that Defendants failed to pay his wages.  (*See* Am. Compl. ¶ 26 ("Defendants failed to pay Plaintiff wages from October 30, 2018, and then multiple times from January 15, 2019, to October 31, 2019, in the total amount of $53,600.").)  For the purposes of this Memorandum and Order, the

In addition, Defendants failed to reimburse him for expenses associated with his employment in the amount of $41,091 and repay him for money borrowed for Defendants' benefit in the amount of $11,560.  (*Id.* ¶¶ 27–28.)  Plaintiff contends that Defendants "knowingly and willfully operated their business with a policy of not paying [him] and other similarly situated employees" overtime or spread of hours pay and "[did] not provide required wage notices at the time of hiring, in contravention to federal and state labor laws."  (*Id.* ¶¶ 34–36.)

## II.  Discussion

### a.  Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021); *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (same).

---

Court assumes that Defendants failed to pay Plaintiff overtime wages from the beginning of Plaintiff's employment on November 4, 2013 to October 30, 2018.

3

### b.   Plaintiff is not an exempt employee

Defendants argue that all of Plaintiff's FLSA and NYLL claims must be dismissed because he is an exempt employee.  (Defs.' Mem. at 4.)  Defendants do not dispute that Plaintiff worked more than forty hours per week, but argue that because Plaintiff was employed as Meridian Prime's co-founder, co-owner, managing director and Vice President of Sales, he worked in a "bona fide executive and/or administrative capacity" and therefore is exempted from recovering under certain statutes.[3]  (*Id.* at 4–5; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply") at 2–3, Docket Entry No. 15-6.)  Defendants also assert that Plaintiff's duties included, "among other things, sales and operational tasks, which are specifically encompassed within the executive and administrative exemption."  (Defs.' Mem. at 5.)  In addition, Defendants argue

---

[3]   In support of their claims about Plaintiff's alleged employment activities, Defendants attach several pieces of evidence to their moving papers including: (1) an email from Toombs to Plaintiff dated May 20, 2019, (Email dated May 20, 2019, annexed to Defs.' Mot. as Ex. B, Docket Entry No. 15-4); (2) Meridian Prime's liquor license application dated December 17, 2018, (Liquor License dated Dec. 17, 2018, annexed to Defs.' Mot. as Ex. B, Docket Entry No. 15-4); (3) an internet article in which Plaintiff identifies himself as Meridian Prime's co-founder, ("40 under 40 Tastemaker" Article, annexed to Defs.' Mot. as Ex. B, Docket Entry No. 15-4); and (4) an email from Plaintiff to Toombs dated November 16, 2017, (Email dated Nov. 16, 2017, annexed to Defs.' Mot. as Ex. B, Docket Entry No. 15-4).  (Defs.' Mem. at 2–7.)  In deciding a motion pursuant to Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint," but "may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice."  *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).  The Court declines review of these extraneous documents because they are not public records, and are not attached to, nor integral to the allegations in, the Amended Complaint.  *See Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651, 2021 WL 3425378, at *5 (E.D.N.Y. Aug. 4, 2021) (recognizing that court filings and public records are routinely considered on motions to dismiss); *Energizer, LLC v. MTA Trading, Inc.*, No. 20-CV-1583, 2021 WL 2453394, at *3 n.6 (E.D.N.Y. June 16, 2021); *Regan v. Village of Pelham*, No. 19-CV-7987, 2021 WL 1063320, at *8 n.6 (S.D.N.Y. Mar. 19, 2021) (holding that "[the p]laintiff's reliance on [the defendant's policy], which appears nowhere in the [a]mended [c]omplaint and is only discussed in [the p]laintiff's affidavit, is improper because it is beyond the four corners of the complaint and cannot be considered in adjudication of a Rule 12(b)(6) motion to dismiss for failure to state a claim").

that Plaintiff failed to allege any facts setting forth his job duties and tasks that could support his entitlement to overtime.  (*Id.*)

Plaintiff argues that he was not an exempt employee because his primary duty was sales, not the management of the business, and he did not direct the work of other employees or have the authority to hire or fire other employees.  (Pl.'s Opp'n at 8.)  In support, Plaintiff alleges that he did not conduct office work directly related to the management or general business operations of Meridian Prime and despite his title as a "managing director," he worked "like a salesperson." (Am. Compl. ¶¶ 3, 16.)  Plaintiff also argues that an "illusory stock transfer does not make [him] an owner of [Meridian Prime]."[4]  (*Id*.)

Both the FLSA and the NYLL "mandate[] that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty hours per week."  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. 11-CV-3384, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012) (citing *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089, 2011 WL 4962397, at *3 (S.D.N.Y. Oct. 18, 2011)), *report and recommendation adopted*, No. 11-CV-3384, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  Certain categories of employees, however, are exempt from the FLSA's overtime requirements.  *See* 29 U.S.C. § 213.  These include employees who work in an "executive" capacity — including certain "business owners" — or employees who work in an

---

[4]  In opposition to Defendants' motion to dismiss, Plaintiff submits an affidavit purporting to supplement the factual allegations in the Amended Complaint.  (Pl.'s Aff., annexed to Pl.'s Opp'n as Ex. 2, Docket Entry No. 14-2.)  "The submission of such [an] affidavit[] in opposition to a motion to dismiss is improper as 'courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss.'"  *Regan*, 2021 WL 1063320, at *1 n.1 (quoting *Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. 2018)).  Accordingly, the Court does not consider Plaintiff's affidavit.

"administrative" capacity. *Id.*; 29 C.F.R. § 541.101; 12 N.Y.C.R.R. § 142-2.2; *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 510 (2d Cir. 2020) ("[T]he FLSA exempts from the overtime requirement 'employee[s] employed in a bona fide executive [or] administrative . . . capacity.'" (second and third alterations in original) (citing 29 U.S.C. § 213(a)(1)), *cert. dismissed*, 142 S. Ct. 639 (2021). Because these exemptions are "substantially similar" in scope under the NYLL, the court considers them together.[5] *Tamayo v. DHR Rest. Co.*, No. 14-CV-9633, 2017 WL 532460, at *5 & n.5 (S.D.N.Y. Feb. 3, 2017) ("The NYLL has a substantially similar overtime provision with an analogous exception for executives."); *see Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 n.1 (2d Cir. 2012) (treating FLSA and NYLL administrative and executive exemptions as functionally equivalent); *Sethi v. Narod*, 974 F. Supp. 2d 162, 183–84 (E.D.N.Y. 2013) (stating that "[t]he NYLL also provides exemptions for some employees similar to the FLSA," and administrative exemptions are "substantially similar" under both statutes).

While the Second Circuit previously instructed courts to "narrowly construe[]" FLSA exemptions "because the FLSA is a remedial act," *Ramos*, 687 F.3d at 558 (alteration omitted) (citations and internal quotation marks omitted), the Supreme Court and the Second Circuit have more recently instructed courts to give these exemptions "a fair reading" as they are "as much a part of the FLSA's purpose as the overtime-pay requirement," *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, ---, 138 S. Ct. 1134, 1142 (2018) (citing *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017)); *Isett v. Aetna Life Ins. Co.*, 947 F.3d 122, 128–29 (2d

---

[5] Like the FLSA, the NYLL "mandates overtime pay and applies the same exemptions as the FLSA." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir .2010), *abrogated on other grounds*, *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, ---, 138 S. Ct. 1134, 1142 (2018). Therefore, the Court discusses the exemptions together. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 n.1 (2d Cir. 2012) (discussing only FLSA exemptions and not engaging in a separate analysis for NYLL claims because they "fail for the same reasons as the[] FLSA claims.").

Cir. 2020) ("[T]he Supreme Court characterized this 'narrow-construction principle' as 'flawed,' as it mistakenly presumes 'that the FLSA pursues its remedial purpose at all costs,' notwithstanding that the FLSA 'exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement.'  As a result, the Supreme Court instructed that we 'have no license to give the [professional] exemption anything but a fair reading.'" (quoting *Encino Motorcars, LLC*, --- U.S. at ---, 138 S. Ct. at 1142)); *Schwartz v. City of New York*, No. 19-CV-5204, 2021 WL 4392051, at *6 (S.D.N.Y. Sept. 24, 2021).  The "employer bears the burden of proving that its employees fall within an exempted category of the Act." *Ramos*, 687 F.3d at 558 (quoting *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)); *Granda v. Trujillo*, No. 18-CV-3949, 2019 WL 367983, at *8 (S.D.N.Y. Jan. 30, 2019) ("On a motion to dismiss, a defendant bears the burden of establishing that, on the face of the complaint, the plaintiff was an exempt employee." (citing *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014))).

Whether an employee is exempt from FLSA overtime coverage "is a mixed question of law and fact." *Ramos*, 687 F.3d at 558 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010)).  "The question of how the [employee] spent their working time . . . is a question of fact.  The question [of] whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law." *Id*. (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).  The Court addresses whether the executive or administrative exemptions apply to Plaintiff.

### i.   Plaintiff is not an executive employee

"Administrative regulations classify employees as 'executive' if (1) they are '[c]ompensated on a salary or fee basis,' (2) their 'primary duty is management of the enterprise

. . . or of a customarily recognized department or subdivision thereof,' (3) they 'customarily and regularly direct[] the work of two or more other employees,' and (4) they 'ha[ve] the authority to hire or fire other employees or' if their 'suggestions and recommendations' on personnel decisions 'are given particular weight.'" *Scott*, 954 F.3d at 510 (quoting 29 C.F.R. § 541.100(a)). Pursuant to the regulations defining the exemption for executive employees, "the 'business owner' exemption applies to 'any employee who owns at least a bona fide [twenty]-percent equity interest in the enterprise in which the employee is employed . . . and who is actively engaged in its management.'" *Paschalidis v. Airline Rest. Corp.*, No. 20-CV-2804, 2021 WL 5013734, at *2 (E.D.N.Y. Oct. 28, 2021) (quoting 29 C.F.R. § 541.101).

"[M]anagement" includes, but is not limited to:

> activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102. *See Elghourab v. Vista JFK, LLC*, No. 17-CV-911, 2019 WL 2431905, at *8 (E.D.N.Y. June 11, 2019) (relying on 29 C.F.R. § 541.102 to determine whether an employee's primary duty is management), *aff'd*, 818 F. App'x 63 (2d Cir. 2020); *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333, 2018 WL 3105068, at *12 (S.D.N.Y. June 25, 2018) (analyzing management functions of employee according to applicable regulations in 29 C.F.R. § 541.102); *see also Panora v. Deenora Corp*, 467 F. Supp. 3d 38, 41 (E.D.N.Y. 2020)

("[F]ederal courts evaluate New York's executive exemption by reference to [FLSA] and its attendant regulations." (quoting *Clougher v. Home Depot U.S.A., Inc*., 696 F. Supp. 2d 285, 289 n.5 (E.D.N.Y. 2010))).  However, "whether an employee is subject to a FLSA exemption 'is not determined by job title alone.'" *Paschalidis*, 2021 WL 5013734, at *3 (quoting *Coleman-Edwards v. Simpson*, 330 F. App'x 218, 219 (2d Cir. 2009) (citations omitted)); *Yeh v. Han Dynasty, Inc*., No. 18-CV-6018, 2020 WL 883501, at *6 (S.D.N.Y. Feb. 24, 2020) ("[Department of Labor] regulations provide that the exempt or nonexempt status of an employee cannot be assessed from an employee's job title alone, but instead must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations." (citing 29 C.F.R. § 541.2)); *Ozawa v. Orsini Design Assocs., Inc*., No. 13-CV-1282, 2015 WL 1055902, at *3 (S.D.N.Y. Mar. 11, 2015) ("A job title alone is insufficient to establish the exempt status of an employee.  The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations. . . ." (quoting 29 C.F.R. § 541.2)).  Rather, this "question[ ] should be resolved by examining [an employee's] actual job characteristics and duties." *Myers*, 624 F.3d at 548; *Scott*, 954 F.3d at 511 ("The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations' defining executive and administrative employees" (quoting 29 C.F.R. § 541.2)); *Mason v. Lumber Liquidators, Inc*., No. 17-CV-4780, 2019 WL 2088609, at *11 (E.D.N.Y. May 13, 2019) (recognizing that "an employer's classification of all employees in a particular job title" does not alone satisfy exemption status, but rather, courts must conduct an "individualized inquiry as to the actual job duties of each [employee]" (citing *Costello v. Kohl's Illinois, Inc*., No. 13-CV-1359, 2014 WL 4377931, at *1 (S.D.N.Y. Sept. 4, 2014)), *aff'd*, No.

17-CV-4780, 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019)); *Ozawa*, 2015 WL 1055902, at *3 (same).

Based on the allegations in the Amended Complaint, the business owner exemption does not apply to Plaintiff.  While Plaintiff owns equity interest in Meridian Prime, his interest is less than twenty percent, his job responsibilities do not encompass managerial duties, and he had no authority over other employees.  *See Paschalidis*, 2021 WL 5013734, at *3 (finding that even though plaintiff had a twenty percent equity interest in defendant's business, he was not an exempt executive employee because his job duties did not meet the definition of management  —  as he had "no authority," other employees were told to take instruction from another employee, and he did not have access to payroll records or access to the schedule or list of employees); *In Kyu Kim v. Korean News of Chicago*, No. 17-CV-1300, 2017 WL 3034671, at *2 (N.D. Ill. July 18, 2017) (denying motion to dismiss based on the business owner exemption where the plaintiff's allegations did not amount to admissions that the exemption irrefutably applied and recognizing that "[t]he application of an exemption under the FLSA is a matter of affirmative defense [and a] plaintiff need not plead around potential affirmative defenses" (quoting *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 777 (N.D. Ill. 2015))), *as corrected* (July 19, 2017); *see also Chen*, 6 F. Supp. 3d at 454 ("At the motion-to-dismiss stage, an FLSA claim may be dismissed on the basis of an exemption only if the exemption 'appears on the face of the complaint.'" (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998))), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015).

### ii.  Plaintiff is not an administrative employee

The regulations implementing the FLSA provide that an employee falls under the administrative employee exemption when (1) the employee is "[c]ompensated on a salary or fee basis . . . at a rate of not less than $455 per week;"[6] (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)–(3). *See Albertin v. Nathan Littauer Hosp. & Nursing Home*, No. 18-CV-1422, 2021 WL 1742280, at *10 (N.D.N.Y. May 4, 2021) ("There are three requirements to meet the administrative capacity exception: (1) the employee must earn at least $684 per week; (2) the employee's primary duty involves office or non-manual work 'directly related to the management or general business operations of the employer;' and (3) the employee's primary duty must include 'the exercise of discretion and independent judgment with respect to matters of significance.'" (citing 29 C.F.R. § 541.200(a)(1)–(3))); *Ozawa*, 2015 WL 1055902, at *3 (same); *Sethi*, 974 F. Supp. 2d at 181.  Like the FLSA, in order to fall under the NYLL administrative exemption, a plaintiff must "customarily and regularly exercise[ ] discretion and independent judgment." 12 N.Y.C.R.R. § 142–2.14(c)(4)(ii); *see also Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105–08 (2d Cir. 2010) (conducting one combined analysis of the administrative employee exemption under both the FLSA and the NYLL because the NYLL "applies the same exemptions as the FLSA"), *abrogated on other*

---

[6] As of January 1, 2020, this amount has been adjusted upwards to $684 per week. *See* 29 C.F.R. § 541.100(a)(1).  However, the Court uses the prevailing rate at the time of Plaintiff's employment. *See Panora v. Deenora Corp*, 467 F. Supp. 3d 38, 41 n.3 (E.D.N.Y. 2020) (recognizing the increase of the salary threshold from $455 to $684 per week, but applying $455 because it was the salary threshold at the time of the plaintiff's employment).

grounds, *Encino Motorcars, LLC v. Navarro*, --- U.S. at ---, 138 S. Ct. at 1142; *Scarpinato v. E. Hampton Point Mgmt. Corp.*, No. 12-CV-3681, 2013 WL 5202656, at *3 (E.D.N.Y. Sept. 13, 2013) (finding that where the plaintiff's FLSA overtime claim failed because she qualified as an administrative employee under the FLSA, "[b]ecause [NYLL] applies the same exemptions as the FLSA to overtime pay . . . her [NYLL] claim could not prevail").

Based on the allegations in the Amended Complaint, Plaintiff is not an administrative employee.  Plaintiff alleges that he operated as a salesperson, (Am. Compl. ¶¶ 3, 16), and his primary duties included the sale of wine to wholesalers and not the exercise of independent judgment over matters of significance to the company, (Pl.'s Opp'n at 9).  In addition, he alleges that Defendants did not pay him for his overtime work during the relevant time period.  (Am. Compl. ¶ 7–8; Pl.'s Opp'n at 9, 12.)  *See* 29 C.F.R. § 541.200; *see also Granda*, 2019 WL 367983, at *7–9 (denying motion to dismiss where the plaintiff plausibly pled that he worked in excess of forty hours during at least one workweek and he does not fall under administrative exemption); *see also Beaulieu v. Vermont*, No. 10-CV-32, 2010 WL 3632460, at *5–6 (D. Vt. Aug. 5, 2010) (denying motion to dismiss and noting that "[t]he exemption categories delineated by the FLSA are not designed to thwart nascent claims, but rather, are available affirmative defenses to be fleshed out during the discovery process"); *see also Chen*, 6 F. Supp. 3d at 454.

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's FLSA and NYLL claims because, based on the allegations in the Amended Complaint, Plaintiff is not an executive or administrative exempt employee.[7]

---

[7]  Defendants move to dismiss all of Plaintiff's FLSA and NYLL claims based on his alleged status as an exempt employee.  Because the Court finds that Plaintiff is not an exempt employee, the Court does not dismiss Plaintiff's claims that Defendants failed (1) to pay him overtime and spread of hours pay and (2) to provide wage notices and wage statements based on his exemption status.

### c. Collective action claims

Defendants argue that Plaintiff's FLSA collective action claims should be dismissed as implausible on their face because Plaintiff has not presented "substantial allegations" that there are similarly situated employees who were also victims of Meridian Prime's employment policies.  (Defs.' Mem. at 6–7.)  Defendants also assert that Plaintiff's NYLL collective action claims should be dismissed because the FLSA does not permit a plaintiff to pursue a collective action for NYLL violations.  (*Id.* at 7.)

Plaintiff argues that he has sufficiently alleged a collective action because other employees at Meridian Prime were also denied wages or overtime pay and "courts have issued a court-authorized collective action notice when plaintiff and his coworkers did not perform primarily managerial duties despite their title and they were subjected to a companywide policy depriving them of overtime pay."  (Pl.'s Opp'n at 10–11 (citing *Indergit v. Rite Aid Corp.*, Nos. 08-CV-9361, 08-CV-11364, 2010 WL 2465488 (S.D.N.Y. June 16, 2010).)  Plaintiff does not address Defendants' contention that the FLSA does not permit a plaintiff to pursue a collective action for NYLL violations.  (*See generally* Pl.'s Opp'n.)

"To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [the] [p]laintiff.  A plaintiff can carry that burden, at the notice stage, by presenting substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Rotthoff v. N.Y.S. Cath. Health Plan, Inc.*, No. 19-CV-4027, 2020 WL 5763862, at *4 (E.D.N.Y. Sept. 28, 2020) (quoting *Guzman-Reina v. ABCO Maint., Inc.*, No. 17-CV-1299, 2018 WL 264102, at *4 (E.D.N.Y. Jan. 2, 2018)); *Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 438 (W.D.N.Y. 2013) (same).  NYLL "state law claims may coexist with FLSA collective

action claims."[8] *Ramirez-Marin v. JD Classic Builders Corp.*, No. 16-CV-5584, 2017 WL

4358759, at *3 (E.D.N.Y. Sept. 30, 2017) (noting that an "overwhelming number of district court

cases from within th[e] [Second] Circuit . . . have allowed parallel FLSA and NYLL claims to

survive beyond the pleading stage").  Moreover, "[u]ntil a motion for class certification is made,

attacks on the sufficiency of [p]laintiff's class allegations are premature."  *Rotthoff*, 2020 WL

5763862, at *4 (quoting *Ramirez-Marin*, 2017 WL 4358759, at *4); *Tecocoatzi-Ortiz v. Just*

*Salad LLC*, No. 18-CV-7342, 2019 WL 1585163, at *5–6 (S.D.N.Y. Apr. 12, 2019) ("Generally,

resolution of whether there are other employees who are similarly situated to the plaintiffs is

better left for the conditional certification stage of litigation . . . . Whether the plaintiffs will be

able to make a sufficient showing to support certification at the first stage of the certification

process so that notice should be sent to potential members of the class cannot be decided on this

motion to dismiss." (first citing *Peck*, 915 F. Supp. 2d at 439; and then citing *Myers*, 624 F.3d at

554–55)); *Guzman-Reina*, 2018 WL 264102, at *5 ("The [d]efendants' arguments are more

properly directed toward whether a collective action should be certified here, rather than whether

[p]laintiff's claims are facially sufficient, and would be better considered in that context."

---

[8]  The Court notes that while procedural mechanisms under 29 U.S.C. § 216(b) are
available to pursue the FLSA claims as a collective action, Rule 23 of the Federal Rules of Civil
Procedure provides the mechanism to pursue NYLL claims.  *See Jackson v. Bloomberg, L.P.*,
298 F.R.D. 152, 162 (S.D.N.Y. Mar. 19, 2014) ("The NYLL does not, however, contain a
provision for collective action.  In order to litigate the NYLL claims on a collective basis, [the]
[p]laintiff therefore seeks certification pursuant to Rule 23 of a class . . . ." (citing *Damassia v.
Duane Reade, Inc.*, 250 F.R.D. 152, 154 (S.D.N.Y. May 27, 2008)).  "The Second Circuit
routinely allow[s] hybrid wage and hour suits with opt-in FLSA collective actions alongside
opt-out Rule 23 class actions."  *Hamelin v. Faxton-St. Luke's Healthcare*, 274 F.R.D. 385, 402
(N.D.N.Y. 2011) (collecting cases); *see also Damassia*, 250 F.R.D. at 164 (permitting hybrid
action based on the overwhelming precedent in the Second Circuit supporting certification of
simultaneous NYLL class actions and FLSA collective actions).  However, because Plaintiff did
not plead a class action claim pursuant to Rule 23, the Court will not address the sufficiency of
any potential class action claims.

14

(collecting cases)); *Ramirez-Marin*, 2017 WL 4358759, at \*4 ("Until a motion for class

certification is made, attacks on the sufficiency of [p]laintiff's class allegations are premature.");

*see Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 453 (S.D.N.Y. 2014) ("[The] [p]laintiffs

have not yet moved for conditional collective certification, and the Second Circuit's decision in

*Myers* — which requires at the 'first stage' a 'modest factual showing' that cannot be satisfied by

'unsupported assertions,' — appears to contemplate that courts will not address collective

certification until after the [p]laintiffs have had the opportunity to present materials outside the

pleadings" (quoting *Myers*, 624 F.3d at 555)); *Hamadou v. Hess Corp*., 915 F. Supp. 2d 651, 669

(S.D.N.Y. 2013) ("[The] [p]laintiffs have not yet moved for certification of the NYLL claims.

[The] [d]efendants' motion to strike the NYLL class claims is premature and is denied."); *Lamur*

*v. Sunnyside Cmty. Servs., Inc*., No. 11-CV-4439, 2012 WL 3288770, at \*5 (E.D.N.Y. Aug. 9,

2012) ("The plaintiff has not requested the issuance of a collective action notice and has not had

the opportunity to attempt to make the 'modest factual showing' required for the issuance of

such notice . . . . Although [the defendant] raises significant questions about whether this case

could ever appropriately be maintained as a collective action, it would be premature to reach that

question at this juncture.") (internal citations omitted).

Plaintiff has not moved for certification of a collective action under the FLSA or

certification of a class under the NYLL, thus, Defendants' assertions about the Plaintiff's

collective class allegations are more appropriate for the certification stage. Moreover, Plaintiff

alleges that Defendants maintain a policy of not paying Plaintiff and other similarly situated

employees either overtime or spread of hours pay, plausibly alleging a group of similarly situated

individuals are subject to the same policy. (Am. Compl. ¶¶ 34–35.) *See Guzman-Reina*, 2018

WL 264102, at \*4 (denying defendant's motion to dismiss plaintiff's class action claims where

plaintiff had not moved for conditional certification and plaintiff "alleged a [specific] policy to which other [employees] may plausibly be subject."); *Kattu v. Metro Petroleum, Inc.*, No. 12-CV-54, 2013 WL 4015342, at *3 (W.D.N.Y. Aug 6, 2013).

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's collective action claims.

### d.   NYLL wage notice claim

Defendants argue that Plaintiff's NYLL claim for failing to provide a wage notice at the time Defendants hired him should be dismissed as untimely because Plaintiff alleges that they hired him in November of 2013, and therefore his claim that they failed to provide a wage notice expired in November of 2019, and Plaintiff did not commence this action until December of 2020.  (Defs.' Mem. at 8.)

Plaintiff contends that his wage notice claims are timely because, prior to February of 2015, the NYLL required employers to provide annual wage notices, as well as a notice any time the wage rate changed, and since February of 2015, the statute has required employers to give notice at the time of hire and any time the wage rate changed, but Plaintiff was not given a wage notice annually before February of 2015.  (Pl.'s Opp'n at 11–12.)

The NYLL has a six-year statute of limitations.  NYLL § 198(3) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years."); *Campos Marin v. J&B 693 Corp.*, No. 19-CV-569, 2022 WL 377974, at *5 (S.D.N.Y. Jan. 21, 2022) ("Claims brought pursuant to the NYLL are subject to a six-year statute of limitations." (citing *Byer v. Periodontal Health Specialists of Rochester*, *PLLC*, No. 20-CV-1751, 2021 WL 3276725, at *2 (2d Cir. Aug. 2, 2021)), *report and recommendation adopted sub nom. Marin v. J&B 693 Corp.*, No. 19-CV-569, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022); *Leon Neri v. Abi Japanese Rest.*,

*Inc.*, No. 20-CV-581, 2021 WL 6804252, at *5 (E.D.N.Y. Nov. 29, 2021); *Kim v. Superior Cafe Corp.,* No. 21-CV-3620, 2021 WL 5315704, at *5 (S.D.N.Y. Oct. 7, 2021) (citing NYLL § 663(3)); *Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-06304, 2014 WL 1011070, at *7 (E.D.N.Y. Mar. 14, 2014) ("Claims arising pursuant to the NYLL are subject to a six-year statute of limitations." (quoting *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760, 2013 WL 6021668, at *7 (E.D.N.Y. Nov. 13, 2013))).

Plaintiff commenced this action on December 12, 2020. (Am. Compl.) Thus, he may recover under the NYLL for any claims that accrued starting on December 12, 2014, and Defendants are liable for the violations of NYLL that occurred on or after that date. In the Amended Complaint, Plaintiff states that Defendants hired him in November of 2013, (*see* Am. Compl. ¶ 15), and does not allege changes to his wage rate after he was hired, (*see generally id.*). Therefore, Plaintiff's claim as alleged expired in November of 2019.

Accordingly, the Court dismisses Plaintiff's NYLL wage notice claim.

### e.   Toombs is an employer under the FLSA and NYLL

Defendants move to dismiss Plaintiff's claims against Toombs on the basis that Toombs is not an employer within the meaning of either the FLSA or NYLL. (Defs.' Mem. at 9.) In support, Defendants argue that "Plaintiff does not allege that Toombs: (1) had the power to hire and fire [him]; (2) supervised and controlled Plaintiff's work schedule or his conditions of employment; (3) determined the rate and method of his payment; and (4) maintained employment records." (*Id.*) Defendants also assert that Plaintiff inappropriately relies on an affidavit submitted with his opposition documents to support his claims. (Defs.' Reply at 5.)

17

Plaintiff asserts that Toombs is an employer under the FLSA and NYLL because he is "chief executive officer of Meridian Prime," (Am. Compl. ¶ 13), and further contends that "Toombs alone exercised full control over Meridian," (Pl.'s Opp'n at 10).

The FLSA creates liability for any "employer" who violates its terms.  *See, e.g.*, 29 U.S.C. § 207(a)(1).  Under the FLSA, an "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer."  *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).  In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case."  *Id.* (internal citations omitted).

Because the "economic reality" of a relationship drives the analysis as to whether it constitutes an employer-employee relationship for the purposes of FLSA, the determination must be made on a case-by-case basis in light of the totality of the circumstances and cannot rest on "technical concepts."  *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013).  In determining whether a defendant is an "employer," as defined in the statute, the Second Circuit has identified four factors to consider, including, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[9]  *Id.* at 104–105 (quoting *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132,

---

[9]  The statutory standard for employer status under NYLL is nearly identical to that of the FLSA.  *Ramos v. Guaba Deli Grocery Corp*, No. 20-CV-4904, 2021 WL 5563714, at *5 (S.D.N.Y. Nov. 29, 2021) (citing *Olvera v. Bareburger Grp., LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014)); *Cruz v. Rose Assocs., LLC*, No. 13–CV–0112, 2013 WL 1387018, at *2

142 (2d Cir. 2008)) (internal quotation marks omitted).  These factors do not, however, "comprise a rigid rule for the identification of [a] FLSA employer," but rather provide a guideline "to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA."  *Id.* at 105 (*quoting Barfield*, 537 F.3d at 143) (internal quotation marks omitted).  A district court is "free to consider any other factors it deems relevant to its assessment of the economic realities."  *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71–72 (2d Cir. 2003).

Plaintiff alleges sufficient facts to support the inference that Toombs is an employer. Defendants concede that Toombs is the owner and operator of Meridian Prime.  (Am. Compl. ¶ 13; Defs.' Mem. at 2.)  Although ownership alone is insufficient to render an individual an employer, *see Irizarry*, 722 F.3d at 107, "courts have found that ownership in a closely held corporation strongly suggests an employer-employee relationship under the FLSA."[10]  *Hong v. Mito Asian Fusion, Inc.*, No. 19-CV-3149, 2021 WL 5409267, at *3 (E.D.N.Y. Aug. 9, 2021);

---

(S.D.N.Y. Apr. 5, 2013) (noting that the definitions of "employer" under the NYLL and the FLSA are coextensive (citing *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010))); NYLL § 190(3) ("'Employer' includes any person, corporation, limited liability company, or association employing an individual in any occupation, industry, trade, business or service."); *see also Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status).

[10]  "The economic reality that owners tend to have control over the employees of closely held corporations is also reflected in New York law, which provides that the ten largest shareholders of a corporation shall 'jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees . . . for services performed by them for such corporation.'"  *Hong v. Mito Asian Fusion, Inc.*, No. 19-CV-3149, 2021 WL 5409267, at *3 n.3 (E.D.N.Y. Aug. 9, 2021) (quoting N.Y. Bus. Corp. Law § 630(a)); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-CV-3446, 2013 WL 5408122, at *5 (E.D.N.Y. Sept. 25, 2013) (recognizing that Section 630 of New York Business Corporation Law "provides that under certain circumstances, in a shareholder corporation, the top ten shareholders may be held liable for unpaid wages" and ensures that "[t]hose who benefit from the underpaid labors of their employees may not be relieved of liability").

*see Mendez v. U.S. Nonwovens Corp*., 2 F. Supp. 3d 442, 459 (E.D.N.Y. 2014) (finding, in the context of granting leave to amend, that the plaintiffs had satisfactorily alleged FLSA claims against three individual defendants who jointly owned the corporate defendant and thus had power over the corporation's day-to-day operations); *Apolinar v. Global Deli & Grocery, Inc*., No. 12-CV-3446, 2013 WL 5408122, at *4 (E.D.N.Y. Sept. 25, 2013) ("The allegation that [the individual defendant] was a principal of [a corporate entity] suggests that he possessed control over it and its employees.").  In addition, Plaintiff alleges that Toombs "determined the rate and method of the payment of their wages, and controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff," (Am. Compl. ¶ 24), and that Defendants were the "joint 'employers' of Plaintiff under NYLL . . . [and the FLSA]," (*id.* ¶¶ 17–18.)  Plaintiff has sufficiently pled that Toombs was an employer within the meaning of the FLSA and NYLL.  *See Flores v. 201 W. 103 Corp*., 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (denying motion to dismiss claims against individual employer where alleged employer was a manager that supervised plaintiffs, "exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of [plaintiffs'] employment.); *see also Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177, 2020 WL 9814084, at *5 (E.D.N.Y. Mar. 14, 2020) (finding liability against an individual defendant in a default motion, where the complaint alleged that "at all times relevant . . . [the] [d]efendant . . . had the power to hire and fire employees, determine employee wages, establish employee work schedules, and maintain employment records of [d]efendants' employees").

Accordingly, the Court denies Defendants' motion to dismiss the FLSA and NYLL claims against Toombs.

### f.    Plaintiff fails to state a breach of contract claim

Defendants argue that Plaintiff fails to state a claim for breach of contract under New York law because he "failed to plead material terms of the purported agreement by which the Defendants allegedly agreed to repay or reimburse him for his expenses."  (Defs.' Mem at 10.) In support, Defendants argue that Plaintiff's "attempt to rescue his deficient pleading" by submitting a "red-lined unsigned" employment agreement also fails because the agreement is not executed and therefore the terms of the contract cannot be confirmed.  (Defs.' Reply at 6.)  As to the contract claim against Toombs, Defendants assert that it should be dismissed because Plaintiff does not allege that Toombs executed the purported contract in his individual capacity. (Defs.' Mem. at 10–11.)

In response, Plaintiff argues that he sufficiently pleads his breach of contract claims (Pl.'s Opp'n at 13), by alleging that "Defendants failed to reimburse [him] for expenses associated with his employment in the amount of $41,091" and that he loaned Defendants $11,560 and Defendants failed to repay the loan, (Am. Compl.  ¶¶ 27–28).

"To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages."  *Grasso v. Donnelly-Schoffstall*, No. 21-CV-1021, 2022 WL 728839, at *1 (2d Cir. Mar. 11, 2022) (quoting *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017)); *DeFlora Lake Dev. Assocs., Inc. v. Park*, 654 F. App'x 9, 10 (2d Cir. 2016) (recognizing that under New York law, a plaintiff alleging breach of contract must show "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." (quoting *Harsco*

21

*Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996))); *Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 553 F. App'x 37, 38 (2d Cir. 2014) (same).

### i.    The Court does not consider the agreement

The Court declines to consider the unsigned agreement Plaintiff attaches to his opposition to Defendants' motion to dismiss.  (*See* Emp. Cont. 3, annexed to Pl.'s Opp'n as Ex. 2, Docket Entry No. 14-3.)  Although it is unclear whether Plaintiff intended to incorporate the agreement by reference when he references it in the Amended Complaint, (*see* Am. Compl. ¶ 80 (stating that he "entered into a contract [with Meridian Prime] . . . . [and] [p]ursuant to the agreement, Defendants borrowed monies from Plaintiff to assist or improve the business. . . , which were not reimbursed by Defendants)),[11] because Defendants dispute the authenticity or accuracy of the agreement, the Court is precluded from considering it on a motion to dismiss.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (stating that to consider documentary evidence on a motion to dismiss, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006))); *Structured Asset Sales, LLC v. Sheeran*, No. 20-CV-4329, 2021 WL 1199495, at *5 (S.D.N.Y. Mar. 30, 2021) (same); *DeLeon v. Teamsters Loc. 802, LLC*, No. 20-CV-24, 2021 WL 1193191, at *8 (E.D.N.Y. Mar. 29, 2021) (same); *F.D.I.C. v. U.S. Mortg. Corp.*, 132 F. Supp. 3d 369, 381 (E.D.N.Y. 2015) (stating that in order to consider documentary evidence on a motion to dismiss, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and that "even implicit, conclusory, contradictory, or implausible

---

[11]    *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he [c]omplaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam))); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014), *cert. denied*, 574 U.S. 1027 (2014).

objections to the authenticity or accuracy of a document render consideration impermissible" (quoting *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 221 (N.D.N.Y. 2014))).

### ii.   Plaintiff fails to allege a contract claim

Plaintiff fails to allege a claim for breach of contract — even considering the agreement — because he fails to identify any particular provision of the agreement breached by Defendants.

Under New York law, "[a] breach of contract claim will be dismissed . . . as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016) (quoting *Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01-CV-2272, 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004)), *aff'd*, 759 F. App'x 42 (2d Cir. 2019); *see Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, No. 20-CV-1281, 2021 WL 4033249, at *5 (E.D.N.Y. Sept. 3, 2021); *Trustpilot Damages LLC v. Trustpilot, Inc.*, No. 21-CV-432, 2021 WL 2667029, at *8 (S.D.N.Y. June 29, 2021) (holding that to state a claim for breach of contract, a plaintiff "must identify the essential terms of the contract, including a specific provision of the contract that was breached" (citing *NFA Grp. v. Lotus Rsch., Inc.*, 120 N.Y.S.3d 75, 76 (App. Div. 2020))); *Quintanilla v. WW Int'l, Inc.*, No. 20-CV-6261, 2021 WL 2077935, at *11 (S.D.N.Y. May 24, 2021) ("To plausibly allege a breach of contract, a plaintiff must identify 'the specific provisions of the contract upon which liability is predicated.'" (quoting *Benihana of Tokyo, LLC v. Angelo, Gordon & Co.*, 259 F. Supp. 3d 16, 33 (S.D.N.Y. 2017))); *Shoppertrak RCT Corp. v. Barnes & Noble, Inc.*, No. 20-CV-3814, 2021 WL 517819, at *2 (S.D.N.Y. Feb. 10, 2021) (stating that case law "supports the notion that a plaintiff in a breach of express contract case must identify the provisions breached in her pleadings" and collecting cases); *Gianelli v. RE/MAX of New*

*York, Inc.*, 41 N.Y.S.3d 273, 274 (App. Div. 2016) ("A breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached.").

While Plaintiff describes actions that he alleges violate the agreement — including Meridian Prime's failure to reimburse him for expenses — he only states that the parties "entered into a contract" and makes conclusory statements that the agreement required reimbursement for expenses incurred on his personal credit cards "on demand."  (Am. Compl. ¶ 80.)  These allegations fail to identify a specific promise by Meridian Prime to provide "on demand" repayment for expenses incurred associated with his employment and to improve the business; Plaintiff therefore fails to plead a breach of contract claim.  *See Genetec, Inc. v. PROS, Inc*., No. 20-CV-7959, 2021 WL 4311208, at *9 (S.D.N.Y. Sept. 21, 2021) (finding that the plaintiff has not plausibly alleged facts demonstrating that defendant breached any provision of the agreement where a test was allegedly required to be performed, but the plaintiff failed to explain how failing the test itself was a breach); *Negrete*, 187 F. Supp. 3d at 468 (dismissing the plaintiffs' breach of contract claim for undisclosed markups on trades when the claim "failed to plead the essential terms of the alleged agreement between the parties and which provisions, if any, were breached"); *see also Wolff v. Rare Medium, Inc*., 65 F. App'x 736, 738 (2d Cir. 2003) ("[The] plaintiffs' identification of Article IV, section 4.4(a) as the provision breached by [defendant] is deficient as a matter of law because the plain language of that section imposes no obligations on [defendant]; it serves only to restrict plaintiffs' disposition of their exchanged shares."); *Fried v. Lehman Bros. Real Est. Assocs. III, L.P*., 67 N.Y.S.3d 145, 146 (App. Div. 2017) (finding that the breach of contract claim was deficiently pled and stating that "[w]hile plaintiffs alleged, in their breach of fiduciary duty claims and their claim for breach of the covenant of good faith and

24

fair dealing, conduct implicating specific provisions of the relevant contracts, they never

pleaded, in those claims or the breach of contract claim, the breach of any specific contractual

provisions"); *Gianelli*, 41 N.Y.S.3d at 274–75 (finding that the breach of contract claim failed as

a matter of law when "the plaintiff failed to identify a specific provision of the contract that was

allegedly breached when the former franchisee failed to assign the telephone number to [the

defendant]").

Accordingly, the Court dismisses Plaintiff's claim for breach of contract.

**g.   Leave to amend**

The Court grants Plaintiff thirty days from the date of this Memorandum and Order to file

a second amended complaint.

Rule 15 of the Federal Rules of Civil Procedure provides that "[l]eave to amend should

be 'freely give[n] . . . when justice so requires,' but 'should generally be denied in instances of

futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by

amendments previously allowed, or undue prejudice to the non-moving party[.]'" *United States*

*ex rel. Ladas v. Exelis, Inc*., 824 F.3d 16, 28 (2d Cir. 2016) (second and third alterations in

original) (first quoting Fed. R. Civ. P. 15(a)(2); and then quoting *Burch v. Pioneer Credit*

*Recovery, Inc*., 551 F.3d 122, 126 (2d Cir. 2008)); *see also Grasso*, 2022 WL 728839, at *2

("[Second Circuit] precedent favor[s] that 'leave [to amend] . . . be freely given when justice so

requires'" (quoting *Ronzani v. Sanofi S.A*., 899 F.2d 195, 198 (2d Cir. 1990))); *Kainz v.*

*Bernstein*, 841 F. App'x 249, 253 (2d Cir. 2020) (noting that leave to amend should be freely

given).  "Futility is a determination, as a matter of law, that proposed amendments would fail to

cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure." *Jang v. Trs. of St. Johnsbury Acad*., 771 F. App'x 86, 88 (2d Cir. 2019) (quoting

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)); *see also Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) ("[An] [a]mendment is futile if it fails 'to cure prior deficiencies.'" (quoting *Panther Partners Inc.*, 681 F.3d at 119)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2005) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The Court grants Plaintiff leave to file a second amended complaint as to his dismissed claims — wage notice and breach of contract claims. *See Woo Hee Cho v. Oquendo*, No. 16-CV-4811, 2018 WL 9945701, at *12 (E.D.N.Y. Aug. 25, 2018) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." (quoting *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999))); *Caren v. Collins*, 696 F. App'x 19, 22 (2d Cir. 2017) ("[D]ismissal for insufficient pleadings are ordinarily with leave to replead." (quotation omitted)); *see also Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 264 (S.D.N.Y. 2020) (sua sponte granting leave to file a second amended complaint where plaintiff could provide missing facts necessary to support its claims).

If Plaintiff decides to file a second amended complaint, Plaintiff must do so within thirty days of the date of this Memorandum and Order. A second amended complaint will completely replace the Amended Complaint and must stand on its own without reference to the Amended Complaint and must contain all of the claims Plaintiff seeks to pursue. The second amended

26

complaint must be captioned "Second Amended Complaint" and bear the same docket number as

this Memorandum and Order.  If Plaintiff elects not to file a second amended complaint or fails

to file a second amended complaint within thirty days of this Memorandum and Order, the Court

will dismiss the NYLL wage notice and breach of contract claims against Defendants with

prejudice, and all of Plaintiff's other claims will proceed.

## III.  Conclusion

For the reasons stated above, the Court grants Defendants' motion in part and denies it in

part.  The Court grants Defendants' motion and dismisses Plaintiff's wage notice and breach of

contract claims.  The Court denies Defendants' motion to dismiss Plaintiff's FLSA unpaid

overtime and collective action claims and NYLL unpaid overtime, unpaid spread of hours pay,

and wage statements claims.  In addition, the Court grants Plaintiffs leave to amend the

Amended Complaint within thirty days of the date this Memorandum and Order.

Dated: March 30, 2021
       Brooklyn, New York

                         SO ORDERED:


                         _____s/ MKB_____
                         MARGO K. BRODIE
                         United States District Judge